879 F.2d 863
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Curtis Leon TAYLOR, Sr., Plaintiff-Appellant,
v.
D.W. ROBERTSON; J.W. Jones; Tony Anthony; Danville Police
Department, Defendants-Appellees.
Curtis Leon TAYLOR, Sr., Petitioner,
v.
D.W. ROBERTSON; J.W. Jones; Tony Anthony; Danville Police
Department, Respondents.
 Nos. 89-6002, 89-8020.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 16, 1989.
Decided: July 19, 1989.
 
 Curtis Leon Taylor, Sr., appellant pro se.
 Martha White Medley (Daniel, Vaughan, Medley & Smitherman, P.C.); Linwood Theodore Wells, Jr. (Office of Attorney General of Virginia), for appellees.
 PER CURIAM:
 
 
 1
 Curtis Leon Taylor, Sr., noted an interlocutory appeal of the district court's dismissal of all claims in his 42 U.S.C. Sec. 1983 action except his claim that defendants D.W. Robertson and J.W. Jones used excessive force when they arrested him. He has also petitioned for leave to take an interlocutory appeal under 28 U.S.C. Sec. 1292(b). We deny the petition and dismiss the appeal for lack of jurisdiction.
 
 
 2
 This Court has no authority to review an interlocutory order under 28 U.S.C. Sec. 1292(b) unless the district court certifies that the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal of the order may materially advance the ultimate termination of the litigation." See Wiltse v. Clarkson, 542 F.2d 363, 364 (6th Cir.1976). As the district court expressly declined to issue the required certification, we deny the petition for an interlocutory appeal under Sec. 1292(b).
 
 
 3
 We find no other basis for appellate jurisdiction. Under 28 U.S.C. Sec. 1291 this Court has jurisdiction over appeals from final orders. A final order is one which disposes of all issues in dispute as to all parties. It "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945).
 
 
 4
 As the order appealed from is not a final order, it is not appealable under 28 U.S.C. Sec. 1291. The district court has not directed entry of final judgment as to particular claims or parties under Fed.R.Civ.P. 54(b), nor is the order appealable under the provisions of 28 U.S.C. Sec. 1292. Finally, the order is not appealable as a collateral order under Cohen v. Beneficial Loan Corp., 337 U.S. 541 (1949).
 
 
 5
 Finding no basis for appellate jurisdiction, we dismiss the appeal as interlocutory. We also deny Taylor's motion to expedite the appeal and his motion to stay the proceedings below. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 
 6
 No. 89-6002--APPEAL DISMISSED.
 
 
 7
 No. 89-8020--PETITION DENIED.